```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
HORTENSE RICKETTS,                      |
                                        |
                    Plaintiff,          |        NOT FOR PUBLICATION
                                        |        ORDER
        -against-                       |
                                        |        04 CV 2642 (CBA)
YORK COLLEGE,                           |
                                        |
                    Defendant.          |
-------------------------------------------------------X
AMON, UNITED STATES DISTRICT JUDGE
```

On November 22, 2004, defendant York College ("defendant") filed a motion to dismiss the present action pursuant to Fed. R. Civ. P. 12(b)(1) and (6) due to lack of subject matter jurisdiction and failure to state a cause of action. On January 5, 2005, having received no response from plaintiff, this Court issued an Order directing plaintiff to respond by February 5, 2005 and warning her that if she failed to do so, the Court would consider the motion unopposed. To date, plaintiff has neither provided the Court with a response to defendant's motion nor communicated any explanation for her failure to do so.

This Court has reviewed defendant's unopposed motion and agrees that the present action should be dismissed for lack of subject matter jurisdiction and failure to state a cause of action. Federal Courts lack jurisdiction over cases brought by a citizen of a state against a state or one of the state's agencies or entities, unless the state consents to such a suit or unless there has been an abrogation of state sovereign immunity by Congress. See U.S. CONST., amend XI; Bd. of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 363, 148 L. Ed. 2d 866, 121 S. Ct. 955 (2001); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984). This jurisdictional bar applies regardless of the nature of the relief

sought.[1]  Pennhurst, 465 U.S. at 100.  The defendant York College is a senior college within the City University of New York and is thus a state entity for Eleventh Amendment purposes.  See Nash v. CUNY, 2003 U.S. Dist. LEXIS 8266 at * 5  (S.D.N.Y. May 16, 2003) (citing cases).  As a result, this Court lacks jurisdiction over this case.

In any event, this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff fails to state a cause of action upon which relief may be granted.  The Americans with Disabilities Act, under which plaintiff brings this action, provides that no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. 12112(a).  In order to successfully plead a claim under the ADA, a plaintiff must therefore allege that she suffers from a disability within the meaning of the ADA, due to which she suffered discrimination.  Because plaintiff fails to allege any disability, she fails to satisfy the threshold requirements of a discrimination claim under the ADA and fails to state a cause of action upon which relief may be granted.

Accordingly, defendant's motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and (6) is granted.  The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
       June 29, 2005

_____
Carol Bagley Amon
United States District Judge

---

[1] The exception to the doctrine of sovereign immunity established in Ex Parte Young, 209 U.S. 123 (1908) does not apply here, as York College is not a state official, but rather an entity of the State of New York.  Nash 2003 U.S. Dist. LEXIS 8266 at * 4-5.